UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID GREEN,<br>        Appellant, | DOCKET NUMBER<br>PH-0432-19-0370-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE:  April 29, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

David Green, Bel Air, Maryland, pro se.

Jennifer Murphy, Aberdeen Proving Ground, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal under 5 U.S.C. chapter 43.  For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the Northeastern Regional Office for further adjudication consistent with *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was an NH-03 Physical Scientist for the agency's Aberdeen Test Center.[2]  Initial Appeal File (IAF), Tab 1 at 1, Tab 9 at 4.  The appellant's duties involved providing scientific services to the Department of Defense and other customers, particularly materials testing in a laboratory setting.  IAF, Tab 9 at 7-9.  The appellant's position is subject to an Office of Personnel Management (OPM)-approved demonstration project known as the "Contribution-based Compensation and Appraisal System" (CCAS).  IAF, Tab 9 at 21-25, Tab 12 at 81; *see generally* 5 U.S.C. § 4703 (authorizing OPM to conduct demonstration projects); Civilian Acquisition Workforce Personnel Demonstration (AcqDemo) Project, Department of Defense (DOD), 82 Fed. Reg. 52104-01 (Nov. 9, 2017).  CCAS is a "contribution-based" appraisal system, as opposed to the "performance-based" systems normally contemplated under 5 U.S.C. chapter 43.  82 Fed. Reg. at 52127-37.  Positions under CCAS are grouped into four "broadbands," rather than assigned particular grades and steps as under the General Schedule.  *Id*. at 52114.  Contribution is rated through "contribution scores" in each of the following factors:  (1) Job Achievement and/or Innovation; (2) Communication and/or Teamwork; and (3) Mission Support.  *Id*. at 52115.  Each factor has multiple levels of increasing contribution corresponding to the broadband levels and contains descriptors for each respective level within the relevant career path.  *Id*. at 52127-28.

Acceptable contribution for any given broadband is determined by reference to the "contribution score" assigned to that broadband, i.e., the contribution level expected of an employee occupying a position under that broadband.  *Id*. at 52128, 52136.  Because CCAS is a contribution-based system, under-contributing employees are subjected to "contribution-based," rather than "performance-based," actions.  *Id*. at 52136.  An employee who fails to

---

[2] NH-03 is a pay band for business and technical management professionals which corresponds to Grades 12 and 13 of the General Schedule.  Initial Appeal File, Tab 12 at 243.

demonstrate acceptable contribution overall, or in any single contribution factor, may be placed on a contribution improvement plan (CIP), which is analogous to the opportunity to demonstrate acceptable performance under 5 C.F.R. § 432.103(d). *Id*. at 52136-37. All three contribution factors are considered critical elements. *Id*. 52136. If an employee fails to demonstrate acceptable contribution during the CIP, he may be reassigned, reduced in broadband or pay, or removed. *Id*. at 52137. A contribution-based adverse action under CCAS is appealable to the Board under 5 U.S.C. chapter 43. *Id*. at 52123, 52136.

Turning to the particular facts of this case, for the rating year ending September 30, 2018, the appellant's contribution score fell below the acceptable level for each of the three critical factors. IAF, Tab 9 at 21-25. On February 6, 2019, the appellant's supervisor placed him on a 60-day CIP. IAF, Tab 6 at 42-52. The CIP notice stated that, despite counseling since the end of the 2018 rating year, the appellant's contribution remained unacceptable in all three critical factors, and it provided examples of his unacceptable contribution in each. *Id*. at 42, 44-48. The CIP notice also set forth the contribution standards and specified three actions for each element that the appellant was required to perform in order to demonstrate acceptable contribution during the CIP. *Id*. at 43-50. The notice further stated that the appellant's supervisor would meet with him weekly, provide feedback, and help him address any problems as needed. *Id*. at 51. The appellant was warned that failure to demonstrate acceptable contribution during the CIP could result in his removal. *Id*.

After the close of the CIP, on June 11, 2019, the appellant's supervisor issued him a notice of proposed removal under the provisions of 5 U.S.C. chapter 43, for unacceptable contribution during the CIP in two of the three critical factors (Job Achievement and/or Innovation and Mission Support). *Id*. at 7-15. After the appellant responded, the deciding official issued a decision sustaining the charge and removing him effective July 18, 2019. IAF, Tab 6 at 4-6, Tab 9 at 4.

The appellant filed a Board appeal, contesting the merits of his removal and raising affirmative defenses of harmful procedural error, denial of due process, and deception or willful obstruction with respect to his right to compete for employment. IAF, Tab 1 at 3, 5, Tab 31. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 38, Initial Decision (ID). She found that the agency carried its burden on each element of its case, and that the appellant failed to prove his affirmative defenses of harmful procedural error and violation of due process. *Id*.

The appellant has filed a petition for review contesting certain portions of the administrative judge's analysis and arguing that he has been denied due process in his Board appeal. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

The Board has recognized that the elements an agency must prove to prevail in an appeal of a CCAS contribution-based action are somewhat different than those in a traditional performance-based action under chapter 43, but that contribution-based actions are still appealable to the Board under 5 U.S.C. chapter 43. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 3 (2015); *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶¶ 12-18. Under the CCAS at issue in this appeal, the agency was required to show the following by substantial evidence: (1) it notified the appellant that he would be placed on a CIP; (2) it informed him of what he must do during the CIP to demonstrate acceptable contribution and warned him that failure to do so could result in an adverse action; (3) it gave him a reasonable opportunity to demonstrate acceptable contribution during the CIP; and (4) the appellant's contribution was unacceptable during the CIP. *Thompson*, 122 M.S.P.R. 372, ¶ 7. The administrative judge in this case applied a more traditional framework for reviewing chapter 43 performance-based actions. ID at 6. Nevertheless, even

assuming that the administrative judge erred in not applying the *Thompson* standard, we find that the appellant's substantive rights were not prejudiced because the initial decision addressed all four factors set forth in *Thompson*. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision). Specifically, the administrative judge found that the agency proved by substantial evidence that: (1) it notified the appellant that he would be placed on a CIP; (2) it informed him of what he must do during the CIP to demonstrate acceptable contribution and warned him that failure to do so could result in an adverse action; (3) it gave him a reasonable opportunity to demonstrate acceptable contribution during the CIP; and (4) the appellant's contribution was unacceptable during the CIP. ID at 5-6, 14-28. These findings are supported by the record, and the appellant does not challenge them on review. We therefore find that the agency has met its burden as set forth in *Thompson*. *See* 5 C.F.R. § 1201.115.

Applying the more traditional chapter 43 framework, the administrative judge went on to find that the agency proved by substantial evidence that its appraisal system was approved by OPM and that the appellant's contribution standards were valid. ID at 6-7, 10-14. The appellant appears to contest both of these findings on petition for review. PFR File, Tab 1 at 4-8. Assuming, without deciding, that the agency is also required to prove these matters by substantial evidence, for the following reasons, we find that it has met its burden.

The appraisal system at issue is the AcqDemo CCAS. It is evident that this appraisal system has been approved by OPM because it the centerpiece of the OPM-approved AcqDemo demonstration project. 82 Fed. Reg. at 52104, 52110, 52127-38. On petition for review, the appellant argues that the agency changed his occupational series code from Chemist (1320) to Physical Scientist (1301) and back again several times, but OPM did not approve these changes. PFR File, Tab 1 at 4, 6, 7; IAF, Tab 21 at 6. However, even if the agency's actions in this

regard were improper, we are unaware of any law, rule, or regulation requiring OPM approval of such changes with regard to a particular employee. *See Whitney v. Department of the Treasury*, 28 M.S.P.R. 330, 333-34 (1985) (explaining that, under 5 C.F.R. §§ 430.209(a), 430.210, it is the overall appraisal system, not the particular performance standards, which require OPM approval). For the reasons explained in the initial decision, we agree with the administrative judge that the appellant's argument has no bearing on whether OPM approved CCAS, and that the agency carried its burden on this issue by substantial evidence. ID at 6-7.

The appellant also contests the validity of his contribution standards based on the agency's failure to settle on a firm classification for his position. PFR File, Tab 1 at 4-7. The Board has found that, in order to be valid, performance standards must be reasonable, realistic, and attainable, clearly stated in writing, and to the maximum extent feasible, permit the accurate appraisal of performance based on objective criteria. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 21 (1990). In the initial decision, the administrative judge found that there was no evidence that the title of the appellant's position at the time he was placed on the CIP had any bearing on the validity of the standards under which his work was assessed. ID at 12. She found no evidence that the tasks assigned to Chemists differed from those assigned to the appellant, or that the level of performance expected of a Chemist differed from that of a Physical Scientist. *Id*.

On petition for review, the appellant argues that Chemist and Physical Scientist are two distinct specialties, and he argues that the agency held him "responsible for performing in two occupational series simultaneously." *Id*. at 4, 6-7. After carefully considering the appellant's argument, we agree with the administrative judge that there is no indication that the classification assigned to the appellant's position had any bearing on the job duties to which he was assigned or on the standards by which his contribution was judged. The OPM classification standards, to which the appellant cites in support of his argument, bear this out.

Both Chemist and Physical Scientist are part of the same Physical Sciences Occupational Group 1300. IAF, Tab 35 at 5-6. The various occupational series within the group, including the 1320 Chemistry Series, all pertain to the application of a particular scientific discipline, e.g., chemistry, geophysics, astronomy, or metallurgy, with the exception of the 1301 General Physical Science Series, which "includes positions that involve professional work in the physical sciences when there is no other more appropriate series, that is, the positions are not classifiable elsewhere," or the position "includes work in a combination of physical science fields, with no one predominant." *Id*. It therefore appears that the duties of Chemist and Physical Scientist are not mutually exclusive, the latter being something of a catchall that could include duties proper to the former. Although the agency seems to have had some trouble deciding exactly how to classify the appellant's position, there is no evidence that this affected the nature of his duties or the standards under which his contributions were assessed. Nor do we find any support for the appellant's assertion that he was being required to perform in two occupational series simultaneously. For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved by substantial evidence that the contribution standards were valid.[3] ID at 10-14.

The appellant also argues that he was denied due process during Board proceedings because the administrative judge heard unduly prejudicial testimony from the deciding official. PFR File, Tab 1 at 4-5. According to the appellant, the deciding official gave certain testimony that was meant to suggest to the administrative judge that the appellant was mentally ill.[4] *Id*.; IAF, Hearing

---

[3] To the extent that the appellant means to renew his affirmative defense of harmful procedural error based on the agency's alleged failure to classify his position properly, for the reasons explained above, we agree with the administrative judge that he has failed to show that any such error prejudiced his substantive rights. ID at 26-28; *see Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991).

[4] In his closing argument below, the appellant raised a due process defense based on the deciding official's testimony, arguing that his removal was based on reasons not set

Recording, Day 1, Track 4 at 7:40, 11:50 (testimony of the deciding official). However, the initial decision does not reflect any reliance on this testimony, and there is otherwise no indication that improper factors actually influenced the administrative judge's decision. We find that the appellant's argument is wholly speculative and is insufficient to show that his substantive rights were prejudiced by the introduction of this evidence. *See Zych v. U.S. Postal Service*, 21 M.S.P.R. 638, 642 (1984); *Johnson v. Department of the Air Force*, 13 M.S.P.R. 236, 239 (1982).

Finally, the appellant argues that his removal was based on a prohibited personnel practice under 5 U.S.C. § 2302(b)(4) because, by continually changing his occupational series, the agency deceived or willfully obstructed him with respect to his right to compete for employment. PFR File, Tab 1 at 7-8. Although the administrative judge did not address this claim below, we find that this prohibited personnel practice pertains to hiring practices, and not to adverse actions such as the one at issue in this appeal. We find no basis to conclude that the appellant has been deceived or obstructed in his right to compete for employment.

Nonetheless, we must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that part of the agency's burden under 5 U.S.C. chapter 43 is to justify the institution of a

---

forth in the proposal notice, i.e., the deciding official's personal observation of the appellant's demeanor during work meetings. IAF, Hearing Recording, Day 2 at 13:40 (the appellant's closing argument). The administrative judge addressed this claim in her initial decision, but she found that no due process violation occurred because the deciding official did not consider the matter in reaching his decision. ID at 26 n.12. We do not interpret the appellant's argument on review as a challenge to this finding; instead, we interpret it as a new argument that he was deprived of a fair and impartial adjudication before the Board because the administrative judge heard unduly prejudicial testimony concerning his mental health. PFR File, Tab 1 at 4-5. In any event, to the extent that the appellant is contesting the administrative judge's analysis of his due process claim, we find that he has provided no basis to disturb her reasoned and explained findings on the issue.

performance improvement plan (PIP) by proving by substantial evidence that the employee's performance was unacceptable prior to that time. Following the issuance of *Santos*, the Board issued an Opinion and Order in *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15, which incorporated the changes made by Santos and set forth the agency's burden of proof, concluding that in order to defend an action under chapter 43 the agency must prove the following by substantial evidence: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

Although *Santos* involved a performance-based action under a traditional performance-based appraisal system, the court's reasoning applies equally well to contribution-based adverse actions under CCAS. *See Lin*, 2023 MSPB 2, ¶ 19 (applying *Santos* to a performance-based actions arising out of a similar contribution-based system). The agency's authority to initiate a CIP under CCAS is predicated on "[a]n inadequate contribution assessment in any one contribution factor at any time during the appraisal period." 82 Fed. Reg. at 52136. A CIP notice must explain how the employee's contribution scores are inadequate and what improvements are required, and inform him that he may face an adverse action "unless the employee's contribution increases." *Id.; cf. Santos*, 990 F.3d at 1360-61 (examining similar statutory language to conclude that that an agency must justify institution of a PIP when an employee challenges a performance-based removal under chapter 43).

The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee*, 2022 MSPB 11, ¶ 16. Although the record in this appeal already contains some evidence suggesting that the appellant's contribution leading up to the CIP was unacceptable, IAF, Tab 6 at 42, 44-48, Tab 9 at 21-25, we remand the appeal to give the parties the opportunity to present argument and additional evidence on the issue, *see Lee*, 2022 MSPB 11, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id.* However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-CIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.